A94A0437. SKIPPER v. FIREMAN'S FUND INSURANCE COMPANY.
(443 SE2d 302)

BLACKBURN, Judge.

The appellee, Fireman's Fund Insurance Company, filed the instant action against the appellant, John D. Skipper d/b/a Decatur Pulpwood Company, to recover an overpayment of excess workers' compensation premiums refunded to Skipper. In his responsive pleading, Skipper admitted that he had been overpaid, but contends that the amount of the overpayment was significantly lower than Fireman's Fund alleges based upon Fireman's Fund's incorrect calculation of the premiums due. Fireman's Fund moved for summary judgment, and the motion was subsequently granted by the trial court. This appeal followed.

In his sole enumeration of error, Skipper maintains that Fireman's Fund was not entitled to summary judgment as a matter of law because material issues of fact remain for jury resolution as to whether he received proper notice of the increase in the experience modification factor which resulted in an increase in the amount of premiums due, and whether the parties mutually assented to the

amount of premiums due under the terms of the insurance contract. We disagree.

While, as a general rule, it is true that the premium to be charged on an insurance policy is an essential term of the contract which requires the mutual assent of the parties for validity, this element usually arises from negotiations between the parties, which is absent when insurance coverage is provided through an assigned risk plan, as in this case. "Generally, any insurer to whom a particular risk is assigned by the assigned risk plan must accept the assignment and provide coverage, but is allowed a higher premium commensurate with the risk. The premium is determined by a rating system approved by the Insurance Commissioner which is keyed to the nature, number and severity of [incidents of] violations applicable. . . . From this perspective, it is apparent that insurance coverage under the assigned risk plan is not the subject of normal negotiations between contracting parties, but is made effective by operation of law to serve the best interests of the general public. It thus follows that the general rule of "mutual assent" as to the amount of the premium does not apply under the circumstances of the case sub judice. This conclusion is supported by undisputed evidence showing that [Skipper] was a qualified applicant under the assigned risk plan; that [his insurance agency] was not acting as an agent of [Fireman's Fund]; and that there was no communication by either [Skipper] or [the insurance agency] with [Fireman's Fund] before the effective date of the policy." (Citations and punctuation omitted.) *Rondale Bus Svc. v. American Cas. Co.*, 189 Ga. App. 869, 870-871 (1) (377 SE2d 726) (1989).

In the present case, Skipper was aware that he was obtaining insurance under an assigned risk plan and since Fireman's Fund was required by law to provide Skipper with coverage, he is bound by the mandatory premium prescribed under the plan which was based upon an increase in the experience modification factor. We reject Skipper's assertion that he was entitled to notice of the increase in the experience modification factor under OCGA § 33-24-47 (b) as that Code section does not require that an insurer provide notice of a change in risk or exposure. In any event, the record indisputably shows that Skipper was provided with notice of the change in the experience modification factor by Fireman's Fund, which resulted in an increase in the amount of premiums due under the policy, and in fact paid the increased premium without question. While Skipper further argues that the terms of the insurance contract were contrary to his understanding of the policy's provisions, the record shows that the policy specifically provided that the premium was subject to a change in the experience modification factor. Under these circumstances, Skipper's misunderstanding as to the amount of premium due under the policy based upon an increase in the experience modification factor was the

result of his failure either to read the contract or "ignorance as to the nature of the assigned risk plan. Consequently, neither law nor equity will relieve [Skipper] of the consequences of [his] submission to the assigned risk plan. [Cit.]" Id. at 872.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED APRIL 7, 1994.

*Randall E. Chew*, for appellant.
*Lambert, Floyd & Conger, L. Catharine Cox*, for appellee.