A01A1059. MANSOUR PROPERTIES, LLC et al. v. REINHARDT COLLEGE, INC.
(555 SE2d 877)

RUFFIN, Judge.

Reinhardt College, Inc. sold approximately 162 acres of land to I-85/Ga. 20 Ventures (Ventures). The sales contract provided that a four percent commission would be paid to Perimeter Properties, Inc., the broker for the transaction. After closing, a dispute arose as to the payment of the commission, and Reinhardt College filed an interpleader and declaratory judgment action, seeking guidance on the disbursement of the commission, which it paid into the registry of the

court. Perimeter Properties moved for summary judgment, asserting that no other claimant was entitled to the commission. The trial court agreed and granted the motion, and this appeal ensued. For reasons that follow, we affirm.

"On motion for summary judgment, the movant must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in favor of the nonmovant, warrant judgment as a matter of law."[1] So viewed, the relevant facts demonstrate that on May 15, 1996, Ventures signed a contract with Reinhardt College to purchase land from the college. The contract provided, in pertinent part, that Perimeter Properties would receive a four percent commission as broker for the transaction. Jim Clower signed the sales contract in his capacity as president of Perimeter Properties. Although Clower also was a principal in Ventures, he did not sign the sales contract in any capacity other than as president of Perimeter Properties.

Ventures lacked sufficient funds to close on the contract. However, Ventures found investors willing to provide the necessary financial support — Mansour Properties, LLC and Lifestyle Family, L.P. (the investors). Ventures and the investors entered into a Tenancy-in-Common Agreement in which Ventures, as Tenant A, owned a 50 percent interest in the property, and Mansour Properties and Lifestyle Family, as Tenant B, owned an undivided 50 percent interest in the property. This agreement provided, in pertinent part, that "[n]o Tenant or an affiliate, related person, employee, or agent of any Tenant is entitled to any fees or salary whatsoever including any purchase and sale commission accruing prior to or after closing in connection with the Property purchase." Clower signed this agreement as Tenant A in his individual capacity.

The record shows that when Reinhardt College sought to pay the four percent commission to Perimeter Properties, the investors challenged the broker's right to the commission. The challenge was based upon the fact that, on July 23, 1995, the Georgia Secretary of State administratively dissolved Perimeter Properties. The investors asserted that, in light of the dissolution, Perimeter Properties was essentially Clower. As Clower agreed in the Tenancy-in-Common Agreement that he would not receive any commission, the investors argued that he should not receive the entire commission. Rather, the investors maintained that Clower was required to share this commission with the other tenants.

The investors wrote letters to Reinhardt College to this effect, which prompted the college to file its interpleader and declaratory

---

[1] *Fann v. Mills*, 248 Ga. App. 460 (546 SE2d 853) (2001).

judgment action against Perimeter Properties and the investors. Reinhardt College also sought to recover its attorney fees for prosecuting the action. Perimeter Properties moved for summary judgment, asserting that "the other claimants have absolutely no legal entitlement to the funds inter[pled]." The trial court agreed, ruling that the investors "are strangers to [the sales] contract and thus have no claim to those monies." Thus, the trial court found that Perimeter Properties was entitled to judgment as a matter of law. With respect to the college's request for attorney fees, the court concluded that the "remaining Defendants are jointly and severally liable for [the college's] attorneys fees."

1. On appeal, the investors assert that the trial court erred in concluding that Perimeter Properties is entitled to judgment as a matter of law. We disagree.

Once a movant has made a prima facie showing of entitlement to judgment as a matter of law, "the burden shifts to the respondent to come forward with rebuttal evidence. In rebutting this prima facie case, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response . . . must set forth specific facts showing that there is a genuine issue for trial."[2]

Here, Perimeter Properties moved for summary judgment, asserting that the investors had no legal claim to any part of the commission. Indeed, the Tenancy-in-Common Agreement, which is the only agreement to which the investors are parties, expressly provided that they were *not* entitled to any commission. The investors nevertheless assert that, by signing the Tenancy-in-Common Agreement, Clower waived his right to the commission. The investors further assert that, because Perimeter Properties was not a valid corporation, Clower and Perimeter Properties are the same entity. Through some leap in logic, the investors reach the conclusion that these facts require Clower/Perimeter Properties to share the commission with them. This conclusion is entirely unfounded.

The investors expend much effort arguing that Perimeter Properties' status as a noncorporation is key. We disagree. Perimeter Properties' corporate status is a red herring. The question is not whether Perimeter Properties is entitled to the commission. Indeed, Reinhardt College does not dispute that it owes the commission to that company. The question is whether the investors have shown that they are entitled to any part of the commission. The answer — simply put — is no. As the trial court correctly noted, the investors were strangers to the contract between Perimeter Properties and Reinhardt College. Accordingly, they accrued no rights under that

---

[2] *Smalls v. Walker*, 243 Ga. App. 453, 457 (2) (532 SE2d 420) (2000).

contract.[3] More importantly, the investors point to no subsequent agreement that requires either Clower or Perimeter Properties to share the commission. It follows that the trial court did not err in granting Perimeter Properties' motion for summary judgment.

2. This holding renders the investors' remaining enumerations of error moot.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 31, 2001.

*Alston & Bird, Peter M. Degnan, Lori P. Hughes*, for appellants.
*Dana M. Thompson & Associates, John D. Cline, Thompson, O'Brien, Kemp & Nasuti, John P. O'Brien, Daniel E. Tranen*, for appellee.

---

[3] See *Scott v. Cushman & Wakefield of Ga.*, 249 Ga. App. 264, 265 (547 SE2d 794) (2001) ("The doctrine of privity of contract requires that only parties to a contract may bring suit to enforce it.").