A11A1033. DENNIS PERRY HOMES, INC. v. COMPANION PROPERTY & CASUALTY INSURANCE COMPANY.
(716 SE2d 798)

ANDREWS, Judge.

Dennis Perry Homes, Inc. (Perry) appeals from the trial court's grant of summary judgment to Companion Property & Casualty Insurance Company (Companion) on Companion's claim for premiums due under a workers' compensation insurance policy. For the reasons discussed below, we conclude there was no error and affirm.

The record shows that Companion issued the workers' compensation insurance to Perry under an "assigned risk" policy because Perry was unable to obtain insurance on the open market. All insurers that write workers' compensation policies must participate in insuring companies in the assigned risk pool.

Based on the information supplied by Perry, Companion wrote the policy with an initial premium of $750. However, workers' compensation premiums are based on the actual amount paid to workers, therefore the actual policy premium cannot be determined until after the policy term. In its answers to interrogatories, Perry stated that its estimated payroll for employees was zero, and also stated that it was not informed that it should list contractors and

subcontractors for purposes of workers' compensation insurance.[1]

The audit showed that, after the first term, an additional premium payment of $79,523 was due. At the end of the second policy period, the audit showed an additional premium due of $24,551. Perry refused to pay, and Companion sued for the above amounts. The trial court granted summary judgment to Companion, and this appeal followed.

1. On appeal, Perry contends that the trial court erred in ruling that there was no factual issue as to whether Perry was the statutory employer of the workers listed in the audits. Perry argues that a jury should decide whether the workers included in the audits were employees, independent contractors, or subcontractors.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). "[A] defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case, but may point out by reference to the evidence in the record that there is an absence of evidence to support any essential element of the nonmoving party's case." *Cox Enterprises v. Nix*, 274 Ga. 801, 804 (560 SE2d 650) (2002). See also OCGA § 9-11-56 (e):

> When a motion for summary judgment is made and supported as provided in this Code section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

The applicable Code section in this case is OCGA § 34-9-8, which provides in pertinent part:

> (a) A principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject matter of the contract to the same extent as the immediate employer.
>
> (b) Any principal, intermediate, or subcontractor who shall pay compensation under subsection (a) of this Code

---

[1] It appears that, as the trial court noted, even the clerical workers at Perry were paid as independent contractors.

section may recover the amount paid from any person who, independently of this Code section, would have been liable to pay compensation to the injured employee or from any intermediate contractor.

(c) Every claim for compensation under this Code section shall be in the first instance presented to and instituted against the immediate employer, but such proceedings shall not constitute a waiver of the employee's right to recover compensation under this chapter from the principal or intermediate contractor. If such immediate employer is not subject to this chapter by reason of having less than the required number of employees as prescribed in subsection (a) of Code Section 34-9-2 and Code Section 34-9-124 does not apply, then such claim may be directly presented to and instituted against the intermediate or principal contractor. However, the collection of full compensation from one employer shall bar recovery by the employee against any others, and the employee shall not collect a total compensation in excess of the amount for which any of the contractors is liable.

. . .

Accordingly, under OCGA § 34-9-8 (a), a general contractor is liable for payment of workers' compensation benefits to the employee of a subcontractor to the same extent as the subcontractor.

"The purpose of [OCGA § 34-9-8] is to ensure that employees in construction and other industries are covered by workers' compensation. In order to do so, it places an increased burden, in the form of potential liability for workers' compensation benefits, on the statutory employer. This encourages the statutory employer to require subcontractors to carry workers' compensation insurance." *Wright Assoc. v. Rieder,* 247 Ga. 496, 499-500 (1) (277 SE2d 41) (1981).

*Franks v. Avila,* 200 Ga. App. 733 (409 SE2d 564) (1991). Thus, "[t]he fact that plaintiff . . . was an independent contractor does not preclude a conclusion that defendant was his statutory employer." *Fowler-Flemister Concrete v. Sumner,* 209 Ga. App. 312, 314 (433 SE2d 329) (1993). Further, " '[t]he law does not permit the employer, simply by designating certain of his employees independent contractors, to by-pass the workmen's compensation law, and this is true, although the employer may bona fide believe that the end referred to may be accomplished in the manner mentioned.' " *Campbell v. Travelers Ins. Co.,* 100 Ga. App. 853, 854 (112 SE2d 311) (1959).

Here, the trial court held that Perry had not come forward with any evidence to show that any of the workers listed was covered by other workers' compensation insurance, and therefore did not show that any of the workers had been "misclassified" by the audit. Likewise, on appeal, Perry merely argues that a jury should decide which workers were covered under the policy at issue but comes forward with no evidence creating an issue of fact for the jury to decide. Accordingly, the trial court did not err in granting Companion's motion for summary judgment on this ground.

2. In an almost identical enumeration, Perry argues that the trial court erred in ruling that there was no factual issue as to whether the classifications of the workers were correct. Perry contends that the trial court erred in determining that there was nothing in the record to contradict the classifications of workers determined by the audit. In support of this, Perry points to seven workers that it claims were incorrectly classified. But, Perry does not argue that the misclassification as to job duties changes the determination that Perry was the workers' statutory employer for purposes of the Workers' Compensation Act, nor does it show that the alleged misclassifications resulted in an incorrectly calculated premium.

3. Perry also claims that the trial court erred in granting summary judgment because it relied on the affidavit of Companion's collection manager. Perry contends that the conclusions in the affidavit were based on unsupported opinion evidence and states that it takes issue with the accuracy of the post-policy period audits and the amount owed as a result of those audits.

As the trial court stated, the affidavit provides a foundation for the admissibility of the business records upon which the affiant relied. The affidavit also states the amount of back premiums due on the policies. Although Perry claims the amounts are incorrect, beyond making these allegations, it provides no evidence of why the amounts are incorrect and no evidence of what it contends should be the proper calculation.

*Home Ins. Co. v. Sunrise Carpet Indus.*, 229 Ga. App. 268, 270 (493 SE2d 641) (1997), cited by Perry, is not on point. In that case, the expert expressed no opinion on prior errors and miscalculations made by the insurance company and based his opinion testimony on the opinions of others. Id. at 270-272.

As previously stated, once Companion made a prima facie showing of entitlement to judgment as a matter of law, the burden shifted to Perry to come forward with specific rebuttal evidence showing that there is a genuine issue for trial. See *Mansour Properties v. Reinhardt College,* 252 Ga. App. 214, 216 (555 SE2d 877) (2001). Companion submitted evidence on the number of workers on Perry's payroll, the amount of the payroll, the classifica-

tions of those workers, and the applicable rates. Perry was required to come forward with specific evidence showing that there was an issue of fact as to these calculations. Perry has not done so; therefore, there was no error in the trial court's grant of summary judgment to Companion on its suit for premiums due under the policy.

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED SEPTEMBER 16, 2011 — 

*Nimmons & Malchow, Leland M. Malchow*, for appellant.
*Hays & Potter, James W. Hays, Alexander Yusupov*, for appellee.