A11A1645. AMTRUST NORTH AMERICA, INC. v. SMITH.

(726 SE2d 628)

MILLER, Judge.

Amtrust North America, Inc. ("Amtrust") filed the instant action against James Smith to recover additional premiums owed on a workers' compensation insurance policy issued to Smith through an assigned risk plan. Smith filed a motion for summary judgment, and Amtrust responded with a cross-motion for partial summary judgment. The trial court denied Amtrust's partial summary judgment motion and granted Smith's motion for summary judgment, finding that Smith had no liability to pay additional premiums because he did not enter into a binding contract with Amtrust and did not have an insurance agent who entered into a contract on Smith's behalf. Amtrust filed the instant appeal to challenge the trial court's rulings. For the reasons set forth below, we reverse the grant of summary judgment to Smith, and affirm the denial of Amtrust's partial motion for summary judgment.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant or denial of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Footnote omitted.) *Baxter v. Fairfield Financial Svcs.*, 307 Ga. App. 286, 287 (704 SE2d 423) (2010).

So viewed, the record evidence shows that, after Smith was unable to obtain workers' compensation insurance on the open market, Norris Strickland & Associates submitted an application on Smith's behalf under the Georgia Workers' Compensation Assigned Risk Insurance Plan. After Smith's application was processed, his policy was randomly assigned to Amtrust.

Based on Smith's representation that his estimated employee payroll was zero, Amtrust issued a policy for a one-year period starting in January 2007 with an initial premium of $765. At the end of the January 2007 policy term, Amtrust renewed Smith's insurance policy for a one-year period starting in January 2008. Based on Smith's previous policy, Amtrust provided an estimated premium of $765 for the renewed term. Amtrust averred that it mailed a copy of the initial and renewed policies to Smith as confirmation of its issuance and for his review.

Since workers' compensation premiums are based on the actual

amount paid to workers, Amtrust could not determine the actual policy premium until after the conclusion of the policy term. Following the end of the January 2007 policy term, Amtrust conducted an audit of Smith's payroll records and discovered that an additional premium payment of $42,653 was due based on wages paid to uninsured contractors. Amtrust cancelled the renewed policy in May 2008 and attempted to conduct an audit on Smith's payroll for the period of January to May 2008. Although Amtrust was unable to complete a full audit, it estimated that Smith owed an additional premium of $44,457 for payroll to uninsured contractors between January and May 2008.

When Smith refused to pay, Amtrust filed the instant lawsuit for the additional premiums. Smith subsequently filed a motion for summary judgment, asserting that he was not obligated to pay additional premiums because he did not sign a written contract with Amtrust; he did not authorize anyone to do so on his behalf; and he did not otherwise assent to the terms of Amtrust's insurance policy. In response, Amtrust moved for partial summary judgment, arguing that Smith was liable to pay additional premiums because Norris Strickland acted as Smith's agent when it submitted an insurance application on his behalf; the parties were bound to the terms of the policy once Smith's application was approved; and Smith otherwise assented to terms of the policy by accepting coverage without objection. Amtrust also argued that, under the terms of the policy, it properly included uninsured contractors in its audits. The trial court denied Amtrust's partial summary judgment motion and granted Smith's motion for summary judgment, finding that Smith was not liable to pay additional premiums because Smith did not sign a contract with Amtrust, Norris Strickland was not Smith's agent, and Amtrust otherwise failed to establish the existence of a contract between the parties. Since the trial court's ruling was based on a finding that no contract existed between the parties, it did not consider whether Amtrust properly conducted audits on Smith's employee payroll.

1. Amtrust contends that the trial court erred in granting Smith's motion for summary judgment because Norris Strickland acted as Smith's agent when it submitted the insurance application on his behalf, and once the application was approved, Smith was bound to the terms of the assigned risk plan policy. We agree.

Independent insurance agents are generally considered the agents of the insured, not the insurer. See *European Bakers, Ltd. v. Holman*, 177 Ga. App. 172, 173-174 (2) (338 SE2d 702) (1985). In many cases, however, the nature of the relationship between the parties is a matter for the jury to decide. Id.

Here, the trial court found that Smith did not sign a contract, there was no agency relationship between Norris Strickland and Smith, and Smith did not assent to the additional premiums sought by Amtrust. Although Smith denies ever having signed or received an application for insurance, we find no evidence, such as an affidavit, to support his claim. However, even if Smith did not sign a contract with Amtrust, there is no dispute that Smith made an application for workers' compensation insurance through Norris Strickland. Viewed in the light most favorable to Amtrust, the evidence shows that Norris Strickland was an independent insurance agent, and that it was authorized to complete and submit Smith's application for workers' compensation insurance under the assigned risk plan. Under these circumstances, Norris Strickland was Smith's agent. See *European Bakers*, supra, 177 Ga. App. at 173-174 (2) (holding that an independent insurance agent was agent of insured where the agent helped insured procure the insurance); *Kirby v. Northwestern Nat. Cas. Co.*, 213 Ga. App. 673, 678 (2) (445 SE2d 791) (1994) (holding that an independent insurance agent was the agent of the insured where the insured procured insurance through the agent).

Notwithstanding Smith's claim that he did not assent to the terms of the assigned risk policy provided by Amtrust, his express assent was not required under an assigned risk plan.

While, as a general rule, it is true that the premium to be charged on an insurance policy is an essential term of the contract which requires the mutual assent of the parties for validity, this element usually arises from negotiations between the parties, which is absent when insurance coverage is provided through an assigned risk plan, as in this case. Generally, any insurer to whom a particular risk is assigned by the assigned risk plan must accept the assignment and provide coverage, but is allowed a higher premium commensurate with the risk. The premium is determined by a rating system approved by the [Georgia] Insurance Commissioner . . . . From this perspective, it is apparent that insurance coverage under the assigned risk plan is not the subject of normal negotiations between contracting parties, but is made effective by operation of law to serve the best interests of the general public. It thus follows that the general rule of "mutual assent" as to the amount of the premium does not apply under the circumstances of the case sub judice.

(Citation and punctuation omitted.) *Skipper v. Fireman's Fund Ins. Co.*, 212 Ga. App. 849, 850 (443 SE2d 302) (1994); see also *Rondale Bus Svc. v. American Cas. Co. &c.*, 189 Ga. App. 869, 871 (1) (377 SE2d 726) (1989). This conclusion is supported by evidence showing that Smith was a qualified applicant under the assigned risk plan, and that Norris Strickland was not acting as an agent of Amtrust. *Skipper*, supra, 212 Ga. App. at 850.

In the present case, the evidence viewed in a light most favorable to Amtrust shows that Smith was aware that he was obtaining insurance under the assigned risk plan. Amtrust was required to participate in the assigned risk plan by law to insure companies in the assigned risk pool. Ga. Comp. R. & Regs. r. 120-2-38-.07 (1); see also *Dennis Perry Homes, Inc. v. Companion Property &c. Ins. Co.*, 311 Ga. App. 706, 706 (716 SE2d 798) (2011). There is no indication that Amtrust had a right to reject an assigned application that was tendered to it. Ga. Comp. R. & Regs. rr. 120-2-38-.09 (4), (5) (generally providing that coverage is binding once a completed application is submitted and the premium paid); 120-2-38-.10 (an insured is subject to penalties for failing to comply with the terms of the assigned risk plan); see also *United States Fidelity &c. Co. v. Paul Assocs.*, 230 Ga. App. 243, 246 (3) (496 SE2d 283) (1998). Under these circumstances, once his application was approved and the policy was assigned, Smith was bound by terms of the policy under the assigned risk plan. *Skipper*, supra, 212 Ga. App. at 850. "Consequently, neither law nor equity will relieve [Smith] of the consequences of his submission to the assigned risk plan." (Citation omitted.) Id. As a result, Smith was not entitled to summary judgment, and we reverse the trial court's order granting Smith's motion for summary judgment

2. Amtrust also contends that the trial court erred in denying its motion for partial summary judgment because Amtrust properly included uninsured contractors in its audit of Smith's premiums. We note that the trial court's order denying Amtrust's partial summary judgment does not reflect a ruling on this issue; rather, the trial court's ruling was based entirely on its finding that Smith had no contract with Amtrust. Although the trial court's reason for denying Amtrust's motion for partial summary judgment was erroneous, we may still affirm the trial court's judgment if it is right for any reason. See *Nat. Tax Funding v. Harpagon Co.*, 277 Ga. 41, 45 (4) (586 SE2d 235) (2003) (a judgment of a lower court may be affirmed so long as it is right for any reason); *City of Gainesville v. Dodd*, 275 Ga. 834, 838-839 (573 SE2d 369) (2002) (appellate courts may exercise discretion as to when to follow the "right for any reason" rule and consider grounds not addressed by the trial court). Since the factual record is set, we are able to apply the facts to the law in the same manner as

the trial court in the furtherance of judicial economy. See *City of Gainesville*, supra, 275 Ga. at 838 ("The de novo review standard advances judicial economy by recognizing that, in summary judgment cases, the factual record is set and the appellate courts can, as well as the trial courts, apply those facts to the law.").

> [U]nder OCGA § 34-9-8, a general contractor is liable for payment of workers' compensation benefits to the employee of a subcontractor to the same extent as the subcontractor. The purpose of OCGA § 34-9-8 is to ensure that employees in construction and other industries are covered by workers' compensation. In order to do so, it places an increased burden, in the form of potential liability for workers' compensation benefits, on the statutory employer. This encourages the statutory employer to require subcontractors to carry workers' compensation insurance.

(Citations and punctuation omitted.) *Dennis Perry Homes*, supra, 311 Ga. App. at 708 (1). And an employer may not bypass workers' compensation laws simply by designating certain employees as independent contractors. Id.

Here, Amtrust presented undisputed evidence that Smith's insurance premiums were based upon his annual employee payroll, and that the actual premiums could not be computed until after the end of the policy term. However, while Smith may have been obligated to pay additional premiums based on an audit of his payroll, Amtrust conceded, and the record confirms, that its second audit was merely an estimate, rather than a completed audit. Consequently, there is a factual issue as to whether Amtrust's audits were proper, which precluded summary judgment on the issue of additional premiums owed by Smith. Cf. *United Acoustical &c. v. Fidelity & Cas. Co. of New York*, 222 Ga. App. 824, 827 (1) (476 SE2d 777) (1996) (insurer's failure to conduct a complete audit precluded summary judgment on the issue of additional premiums owed by insured). Accordingly, we affirm the trial court's denial of Amtrust's motion for partial summary judgment.

*Judgment affirmed in part and reversed in part. Ellington, C. J., and Doyle, P. J., concur.*

DECIDED MARCH 26, 2012.

*Hays & Potter, James W. Hays, Alexander Yusupov*, for appellant.

*Samantha F. Jacobs*, for appellee.