**FOURTH DIVISION**
**RICKMAN, C. J.,**
**MARKLE and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

May 31, 2023

# In the Court of Appeals of Georgia

A23A0065. LM INSURANCE CORPORATION v. LONDON.

MARKLE, Judge.

LM Insurance Corporation (LM) appeals from the verdict in favor of Eric London d/b/a Dukes Professional Painting, in its suit for unpaid Workers' Compensation insurance premiums. For the reasons that follow, we reverse.

> On an appeal from an entry of judgment following a bench trial, we apply a de novo standard of review to any questions of law decided by the trial court, but will defer to any factual findings made by that court if there is any evidence to sustain them. Nevertheless, if the trial court makes a finding of fact which is unsupported by the record, that finding cannot be upheld, and any judgment based upon such a finding must be reversed.

(Citation omitted.) *Sanders v. TD Auto Finance*, 366 Ga. App. 376, 378 (883 SE2d 53) (2023).

So viewed, the record shows that London is a sole proprietor of a painting company. He was required to carry Workers' Compensation insurance for only one of the jobs sites. In 2018, he applied for and obtained an "assigned risk" policy[1] with LM to cover painting services, with an estimated annual premium of $1,500. Per the terms of the policy, the final premium amount would be determined by an audit at the end of the policy term. He renewed the same policy for the following year, with the same estimated premium and same relevant policy terms.

In 2020, LM conducted an audit to determine the actual premium amounts for both policies. Although London originally listed no employees or subcontractors on his insurance application, he told the auditor that he had more business than he had expected and had relied on subcontractors. The auditor reviewed London's tax returns and list of subcontractors, and he added classifications for drywall and janitorial services to the policy. This caused the actual premium to increase significantly from the estimated amount, and the auditor notified London that he owed $17,957 on one

---

[1] Assigned risk policies typically carry higher premiums than standard policies, and those premiums are determined by a set of classifications indicating the type of work provided, as approved by the Georgia Insurance Commissioner. See *Amtrust North America v. Smith*, 315 Ga. App. 133, 135 (1) (726 SE2d 628) (2012); see also *Performance Auto Collision Center v. Bridgefield Cas. Ins. Co.*, 342 Ga. App. 554, 555, n. 1 (803 SE2d 798) (2017).

policy, and $4,318 on the second, for a total of $22,275 on the two policies. London did not dispute the audit results or file an appeal with the insurance company.

When London failed to pay the increased premium, LM filed suit and served London with requests to admit. In those discovery requests, London was asked to admit that he received Workers' Compensation coverage from LM; he made no payments toward the amounts due; and he owed the unpaid balance. London answered the complaint, asserting that he was required to carry insurance for only one job site, and that the auditor mistakenly considered employees for other jobs when conducting the audit. He did not, however, respond to the requests to admit.

At a bench trial, the auditor testified that he reviewed London's taxes and the list of subcontractors that he had paid, and, based on the audit, London owed $17,957 on one policy and $4,318 on the other. LM admitted into evidence the auditing calculations, and London made no objections. LM also admitted into evidence the discovery admissions, and London again failed to object. London then testified that he only needed insurance coverage for one job site, but that he gave the auditor all of his records for all job sites. But London submitted no evidence to substantiate his defense, and he never objected to any of LM's evidence or sought to withdraw his admissions.

3

The trial court found in favor of London, explaining that London had provided documentation showing that he paid subcontractors to do work different from the type of work London performed, and he was not required to provide Workers' Compensation coverage for those independent contractors. The court found that the auditor should not have considered those jobs in recalculating the premium, and thus the adjusted premium was invalid. LM now appeals.

In related enumerations of error, LM argues that the trial court erred by ignoring the admissions, which conclusively established the debt, and that there is no evidence to support the trial court's findings.[2] It further argues that the trial court erred by finding that London was not required to have Workers' Compensation coverage. We agree that the trial court erred.

Under OCGA § 9-11-36 (a), a party may serve an opposing party with requests to admit, and the matter is deemed admitted if the party fails to respond within the allotted time. "Any matter admitted under this Code section is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission." OCGA § 9-11-36 (b).

---

[2] London has not filed an appellee's brief.

Importantly, here, London did not seek to withdraw or amend his admissions, nor did he offer any explanation for his failure to respond such that the trial court could have exercised its discretion under OCGA § 9-11-36 (b). See *G. H. Bass & Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327, 330-331 (2) (486 SE2d 810) (1997). Thus, London's failure to respond has conclusively established that he applied for and obtained coverage, and that he owed the outstanding balance. *Taylor v. The Cameron & Barkley Co.*, 161 Ga. App. 750, 751 (289 SE2d 820) (1982) (amount owed was conclusively established by failure to respond to requests to admit, and defendant never sought to withdraw admissions).

In reaching its conclusion, the trial court implicitly rejected the admissions and considered London's testimony that the auditor improperly considered work done at other properties to evaluate whether the estimated premium amount was correct. We note that London submitted no evidence to substantiate his testimony, but regardless, a trial court may not allow a defendant to submit evidence contradicting the admissions. *Pulte Home Corp. v. Woodland Nursery & Landscapes*, 230 Ga. App. 455, 455-456 (1) (496 SE2d 546) (1998) ("In form and substance an admission under OCGA § 9-11-36 is . . . generally regarded as a judicial admission rather than evidentiary admission of a party. A judicial admission, unless allowed to be

5

withdrawn by the court, is conclusive[.]") (citation and punctuation omitted). Because the admissions established that London applied for and received Workers' Compensation insurance, the trial court's determination that he was not required to have such coverage is irrelevant. And "once [London's] application was approved and the policy was assigned, [he] was bound by terms of the policy under the assigned risk plan. Consequently, neither law nor equity will relieve [London] of the consequences of his submission to the assigned risk plan." (Citations omitted.) *Amtrust North America v. Smith*, 315 Ga. App. 133, 136 (1) (726 SE2d 628) (2012); see also *Travelers Indemnity Co. v. Worley*, 119 Ga. App. 537 (168 SE2d 168) (1969) (defendant was liable for full amount as determined by an audit in light of uncontradicted evidence of amount owed); compare *Performance Auto Collision Center v. Bridgefield Cas. Ins. Co.*, 342 Ga. App. 554, 556-557 (803 SE2d 798) (summary judgment improper where there was conflicting evidence regarding employee classification during audit). In light of the record presented, there is no factual basis to support the trial court's findings that London was not obligated to pay the increased premiums. As such, we must reverse the trial court's judgment.

*Judgment reversed. Rickman, C. J., and Pipkin, J., concur.*