**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

July 31, 2025

# In the Court of Appeals of Georgia

A25A1178. PRESTON BUILDING AND RENOVATIONS, LLC.
  v. ACE AMERICAN INSURANCE COMPANY.

GOBEIL, Judge.

Preston Building and Renovations, LLC ("Preston Building") appeals from the trial court's grant of summary judgment in favor of Ace American Insurance Company ("Ace American") in this underlying dispute concerning premiums due under a workers' compensation insurance policy. For the reasons that follow, we now reverse.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[.]" OCGA § 9-11-56 (c). We review the grant of a

motion for summary judgment de novo, "view[ing] the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant." *Cowart v. Widener*, 287 Ga. 622, 624 (1) (a) (697 SE2d 779) (2010) (citation and punctuation omitted).

So viewed, the record shows that Preston Building is a single-member LLC engaged in the construction and remodeling business. Preston Building is owned and operated by Dylan Preston, who oversees all aspects of the business including sales, project management, scheduling, and supervision of work sites. On June 14, 2019, Preston Building applied for workers' compensation insurance through the assigned risk pool[1] with Best Insurance Group, an independent insurance agent. Ace American issued a workers' compensation and employers liability policy to Preston Building with an effective date of June 14, 2019, and ending on June 14, 2020. The policy had an initial estimated policy premium of $1,500 based on payroll data provided by

---

[1] "All insurers that write workers' compensation policies must participate in insuring companies in the assigned risk pool." *Dennis Perry Homes, Inc. v. Companion Property & Cas. Ins. Co.*, 311 Ga. App. 706, 706 (716 SE2d 798) (2011). The National Council on Compensation Insurance, Inc. serves as the "Administrator" of the Georgia Worker's Compensation Assigned Risk Insurance Plan under contract with the Georgia Insurance Commissioner. See OCGA § 34-9-133; Ga. Comp. R. & Regs. r. 120-2-38.

Preston Building.[2] On September 10, 2019, Ace American issued an endorsement increasing the estimated premium to $193,745. On October 14, 2019, Ace American issued a notice of cancellation of the policy to Preston Building due to non-payment of premiums, effective November 3, 2019. As relevant here, part five of the policy provided in pertinent part:

> The premium shown on the Information Page, schedules, and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy. If the final premium is more than the premium you paid to us, you must pay us the balance. If it is less, we will refund the balance to you. . . . If this policy is canceled, final premium will be determined in the following way unless our manuals provide otherwise:
>
> > 1. If we cancel, final premium will be calculated pro rata based on the time this policy was in force. Final premium will not be less than the pro rata share of the minimum premium. . . .

---

[2] "[P]remiums under a workers['] compensation policy are determined by multiplying the payroll or other remuneration payable during the policy period for each employee by each employee's classification rate, with adjustments for certain modifiers, ratings, and discounts." *Performance Auto Collision Center Inc. v. Bridgefield Cas. Ins. Co.*, 342 Ga. App. 554, 555 n. 1 (803 SE2d 798) (2017).

Following the termination of the policy, and in line with industry custom, Ace American conducted a final audit for purposes of calculating the final premium due.[3] The audit generated a final premium due of $154,863 based upon the total payroll for the audited period. After crediting the deposit premiums paid by Preston Building, Ace American calculated the final amount due for the covered policy period as $153,363.

On January 12, 2021, Ace American filed a complaint against Preston Building seeking damages for $153,363 plus interest for unpaid premiums on the workers' compensation policy. Preston Building filed an answer contesting the calculation of the unpaid premiums as inflated, and asserting, among other things, that Ace American failed to properly classify certain subcontractors or to credit the premium due for those subcontractors covered by a valid certificate of insurance.

---

[3] Because "workers' compensation premiums are based on the actual amount paid to workers [in payroll], . . . the actual policy premiums cannot be determined until after the policy term." *Dennis Perry Homes*, 311 Ga. App. at 706. The final amount of the premium is determined by the employer's actual payroll and "a rating system approved by the Georgia Insurance Commissioner." *Amtrust North America, Inc. v. Smith*, 315 Ga. App. 133, 135 (1) (726 SE2d 628) (2012) (citation and punctuation omitted).

Following discovery, Ace American moved for summary judgment. In support, Ace American submitted an affidavit from Laura Leyland, a records custodian, certifying the authenticity of certain business records attached to the affidavit, which included the final audit worksheets, the premium adjustment notice, and a statement of account. Preston Building filed a response in opposition, arguing that genuine issues of material fact existed concerning the classification of certain subcontractors, and challenging the cost basis utilized to calculate the final premium due under the policy. In support, Preston Building filed an affidavit by its owner, in which Preston alleged that the amount of the premium due was inflated because four subcontractors had been misclassified based on the work they performed, and Ace Insurance had failed to credit Preston Building's account for subcontracters with their own valid certificates of insurance. Preston described that as part of the audit process, he provided Ace American's auditor

> with copies of all bank statements for [Preston Building], a listing of all payments made to any employees or subcontractors for the policy period, complete copies of all 1099s issued to subcontractors, complete copies of requested tax returns, complete copies of all contracts/invoices for all [work] performed during the policy period, W-9 for subcontractors, and complete copies of all contracts, invoices, and/or work orders between

5

[Preston Building] and any subcontractors, in addition to other documents.

Preston Building also filed invoices documenting work performed by two subcontractors, as well as a certificate of liability insurance for another subcontractor.

The trial court held a hearing in November 2024, a transcript of which does not appear in the record. In an order dated November 21, 2024, the trial court granted Ace American's motion for summary judgment and ordered Preston Building to pay damages of $153,363 plus prejudgment interest of $44,283.04. As relevant here, the trial court concluded that although Preston Building challenged some of charges for its subcontractors, it had failed to support its argument with business records. The court determined that "[s]uch evidence without business records is hearsay and does not create an issue of fact to rebut" Ace American's evidence. The instant appeal followed.

1. Preston Building contends that the trial court erred in disregarding Preston's affidavit in determining that no genuine issues of material fact remain regarding the classification of certain subcontractors and the final premium due under the policy.

"It is well settled that affidavits in support of or in opposition to motions for summary judgment must set forth such facts as would be admissible in evidence." *Langley v. Nat. Labor Group, Inc.*, 262 Ga. App. 749, 751 (1) (586 SE2d 418) (2003). "Hearsay, opinions, and conclusions in affidavits are inadmissible on summary judgment." Id. However, "a statement in an affidavit that it is based upon personal knowledge is generally sufficient to meet the requirement that affidavits be made upon such knowledge[.]" Id.; OCGA § 9-11-56 (e).

As relevant here, in his affidavit, Preston, in his role as the owner and sole member of Preston Building, challenged the classification of certain subcontractors based on a description of their work duties, and argued that Ace American had overstated the cost basis for these workers during the effective period of the policy. Additionally, Preston highlighted that certain subcontractors were covered under their own workers' compensation policy during the effective date of the policy. Preston Building included invoices from subcontractors that showed the work they performed, as well as proof of insurance coverage for one of the subcontractors.

Preston Building argues that the evidence contained in Preston's affidavit was sufficient to create a jury issue concerning how these subcontractors should have been

classified during the effective period of the policy. We agree. Preston offered this evidence based on his personal knowledge of Preston Building's business operations, including sales of services, project management, and executive supervision of all work conducted through contracted construction supervision or the job site supervision of subcontractors. Preston's affidavit (and attached exhibits) therefore contained sufficient evidence to create a disputed issue of fact for the jury to resolve concerning the classification of certain subcontractors and the calculation of the final premium due under the policy. Compare *Performance Auto Collision Center Inc. v. Bridgefield Cas. Ins. Co.*, 342 Ga. App. 554, 556-557 (803 SE2d 798) (2017) (evidence contained in affidavits submitted by company's owner and insurance account representative opining on job duties, descriptions, functions, and physical locations of its employees sufficient to create a disputed issue of fact for the jury to resolve concerning the classification of workers for purposes of determining the total amount of premium due under a workers' compensation policy), with *Travelers Indem. Co. v. Worley*, 119 Ga. App. 537, 537-538 (168 SE2d 168) (1969) (defendant was liable for full amount as determined by an audit in light of uncontradicted evidence of amount owed).

2. Preston Building also argues that the trial court erred in finding that Ace American established a prima facie case for summary judgment because the final premium due was not supported by the payroll figures contained the final audit. In light of our holding in Division 1 — finding that the trial court erred in disregarding Preston's affidavit in determining whether genuine issues of material fact remain regarding the classification of certain subcontractors and the final premium due under the policy — we need not reach this issue.

Accordingly, we reverse the trial court's order granting Ace American's motion for summary judgment, and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.

*Judgment reversed. Rickman, P. J., and Davis, J., concur.*